LEWIS TREZEVANT and others *v.* THE BANK OF TENNESSEE.

The Bank of Tennessee, at Nashville, and its branches, form only one corporate body, under the name of the Bank of Tennessee. The branches are not empowered to issue notes, or to sue or be sued; and any property of the Bank will be liable for notes issued under the authority of the principal Bank, though payable at one of the branches.

Costs of protest of a bank note may be recovered, though a notarial demand was unnecessary to entitle plaintiff to interest. The object of the protest is not only to secure interest, but to procure permanent and authentic evidence of a demand at the place of payment. And where different notes of the same institution, held by the same individual, are separately protested, he will be entitled to recover the costs of protesting each note. Having to make a separate demand on each, the notary might well refuse to include them all in a single protest.

THE Bank of Tennessee is appellant from a judgment of the Commercial Court, *Watts,* J.

This case was submitted on the points filed, by *Wharton,* for the plaintiffs, and *Preston,* for the appellants.

MORPHY, J. The Bank of Tennessee, a corporation existing in the state of Tennessee, is sued on a number of her notes, of various amounts, forming together the sum of $2078, and for interest thereon, and costs of protest. These notes, which the defendants had made payable at their branch at Somerville, were there presented, and payment having been duly demanded and refused, were each of them protested for non-payment. The answer avers, that the notes sued on purport to be due by the branch of the Bank of Tennessee, established at Somerville, and that, by the charter, the principal bank at Nashville is not liable to pay and take up said notes. It further pleads in compensation and reconvention, a sum of fifteen hundred dollars, with interest from the 12th of November, 1840, which is alleged to be due to the Bank by the plaintiffs, as endorsers on a note of that amount held by the Bank, they having been duly notified of the protest of the same for non-payment by the drawer, Durant Hatch. There was a judgment below in favor of the plaintiffs for $589 24, with interest of six per cent on $383 24, from the 12th of November, 1840, and like interest on $206, from the 21st of November, 1840, till paid, with three hundred and six dollars costs of protest, and the costs of suit.

We have attentively examined the charter of the Bank of Tennessee, which is in evidence, and cannot find in it any sanction of the defence set up in this case. It is true that for certain purposes, and to a certain extent, the branches act independently of the Bank of Tennessee, but nothing that we can see in the powers conferred on them, give them the right of issuing separate notes of their own, or of suing or being sued. They are expressly placed under the control of the principal bank, to whom they are to render monthly statements of their condition, and to whom they are to pay over any dividends they may semi-annually declare, so that the Bank of Tennessee may provide for the payment of the interest on the state bonds, &c. The charter provides further, section 7 of the supplemental bill, 'that the notes to be issued by the Bank of Tennessee for circulation, shall be signed by the President and countersigned by the Cashier of the principal bank, and the same may be made payable at such place or places as shall be deemed

most advisable by the board of directors of the principal bank,' and 'that the notes of the bank or branches shall be received in payment of debts to the principal bank or branches,' &c. The notes sued on here are dated at Nashville, the location of the principal bank; are signed by the President and Cashier of the principal bank; but were made payable at the branch at Somerville. We cannot well understand why the principal bank, which issued these notes, should not be responsible for them. It is said that they belong to the Somerville circulation, and must be paid out of the funds of that branch. We no where find in the charter that the principal bank and its branches are liable only for certain portions of the circulation issued by the corporation; we see, on the contrary, that the bank at Nashville and its branches form only one corporate body, known under the name of the Bank of Tennessee, and having capacity to sue and be sued under that name. The property attached in this case belongs to the Bank of Tennessee, and is, in our opinion, liable for the notes of the principal bank, or for those of any of her branches, issued under her authority.

The counsel for the defendants has next contended, that in as much as by the laws of Tennessee, interest was due from demand of payment, and as it is not required that such demand should be made by a notary, the protests were unnecessary, and the costs of them should not be allowed; and that at all events it was not necessary to make more than one protest, for all the notes. The object of the protest was not solely to secure interest, but also to procure evidence of the demand made at the place designated in them for payment. A notarial protest showing such a demand and refusal, while it was the most convenient course, afforded to the plaintiffs evidence of such a permanent and authentic character that we think they were entitled to it. - As to the making of a separate protest for each note, the notary might well and probably would have refused to include all the notes in a single protest, as he had a separate demand to make on each note; and as the fees for protesting a note are proved to be two dollars, he would perhaps have been entitled to a separate charge on each note, even had they been all included in the same instrument of protest. Although these costs are considerable, the plaintiffs, who have paid

them, are, in our opinion, entitled to a reimbursement. The plea in compensation set up by the defendants, has been supported by sufficient evidence.

*Judgment affirmed.*